## McCann v. SIXTH AVE. R. CO.

*(Superior Court of New York City, General Term. January 7, 1889.)*

HORSE AND STREET RAILROADS—NEGLIGENCE—FAST DRIVING.

Where a person springs suddenly from a street car into the middle of the opposite track and in front of another car at a place where ordinary prudence on part of the driver would not expect persons to be, no rate of speed at which such car is moving can be called negligence.[1]

Appeal from jury term.

Action by Francis J. McCann, an infant, etc., against the Sixth Avenue Railroad Company to recover damages for personal injuries. The court directed a verdict for defendant, and from a judgment entered thereon plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*J. C. Foley,* for appellant. *D. M. Porter,* for respondent.

SEDGWICK, C. J. The facts of the case were that while one car of the defendant's was at a stand its conductor kicked at the plaintiff, who was upon its platform. To prevent the kick reaching his body, the boy, by one jump, jumped into the middle of the up-town tracks. As he touched the ground he was knocked down by the horses of a car going up-town. The jury might have found that these horses were going at a great and unusual speed. The complaint did not charge negligence in general or specifically in respect of the kick and its effects. It confined the negligence charged to the following matter: "That while the plaintiff herein, in a careful and orderly manner, and with full and lawful right, was passing along a public highway," etc., "to-wit," etc., "he was struck and knocked down by the horses attached to one of the cars belonging to the defendants."

I am of opinion that, while negligence may be predicated of a dangerous rate of travel, ordinary caution and care called for the regulation of the speed and the control of the horses in reference to persons that ordinary prudence may or should anticipate may be endangered. If the danger arise from the sudden and unexpected and not-to-be-anticipated presence of a person before the horses, I do not think that any rate of speed is negligent.

In this case, the proof was that the plaintiff by his bound came to the ground at once in the middle of the up-town track, where ordinary prudence and calculation on the part of the driver of the horses that did the damage could not suggest that the plaintiff would be. It is only a matter of conjecture as to what would have happened if the boy had stepped from the platform of the car, and, before he went upon the up-town track, had first gone to the space by the side of that track, where he could have been seen by the driver of the horses that knocked the plaintiff down.

I am of opinion that the driver, in regulating the speed, was not called upon to suppose the occurrence of the unusual—and, with particulars, exceptional—facts that preceded the plaintiff's jumping before the horses. I am of opinion that the judgment and order appealed from should be affirmed, with costs.

All concur.

---

[1] See, as to what is negligence on the part of horse-car companies, Railway Co. v. Robinson, (Ill.) 18 N. E. Rep. 772, and note; Franklin v. Railroad Co., ante, 229, and note.